**Mariama BAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 04–4172–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, New Hampshire, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mariama Bah, through counsel, petitions for review of the BIA decision denying her asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues a short decision that affirms the IJ's opinion, this Court reviews the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). Here, substantial evidence support's the IJ's adverse credibility determination.

First, the IJ properly held that Bah testified inconsistently about how she obtained her Sierra Leonian birth certificate, where (1) Bah testified at her hearing that she applied for a copy of her birth certificate in December 1998 in Sierra Leone, and that it was mailed to her in May 1999 after she had relocated to Guinea, (2) she stated at her asylum interview that her husband took her birth certificate with him when he fled Sierra Leone in 1997, and (3) Bah changed her statement after the asylum officer pointed out that the certificate was issued in April 1999, to indicate that the person who helped her leave Guinea gave her the document. The IJ also properly found Bah's explanation of the inconsistencies incredible, where she stated that she could not remember making contradictory statements to the asylum officer.

Second, the IJ found that Bah testified inconsistently where she stated at her asylum interview that she stayed at Alfa Yaya refugee camp in Guinea, but testified that the camp was called Fodecarrah at her asylum hearing. At Bah's hearing, the officer who conducted her asylum interview testified that she made an inquiry to the United States embassy in Conakry through the State Department, and was told that Alfa Yaya was a military camp that had never been used for refugees. When confronted with the discrepancy, Bah testified, "I did not tell that to anyone. The only thing I said is what I told you early." The IJ properly considered Bah's denial, and found it to be incredible.

Bah's argument that the IJ should not have relied on the asylum officer's notes

from her asylum interview to find prior inconsistent statements fails. Here, the asylum officer testified in detail at Bah's hearing as to the accuracy and contemporaneousness of her notes. Although the officer testified that she did not copy down every question she asked in Bah's interview, she did state that every question and response written in her notes was transcribed exactly. She also testified that Bah was responsive to her questions, and had no apparent difficulties understanding the officer's translated inquiries. The officer's notes are therefore a reliable source of Bah's inconsistent statements. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004).

In this case, the IJ based his overall analysis of Bah' eligibility for relief on a proper adverse credibility determination. Therefore, the IJ's denial of asylum, withholding of removal and relief under the CAT were also proper. Accordingly, Bajramaj's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).